# U.S. District Court
## District of New Hampshire (Concord)
## CIVIL DOCKET FOR CASE #: <u>1:23−cv−00499−JL−AJ</u>

Testerman et al v. NH Secretary of State et al
Assigned to: Judge Joseph N. Laplante
Referred to: US Magistrate Judge Andrea K Johnstone
Cause: 28:1331 Fed. Question

Date Filed: 11/07/2023
Date Terminated: 01/09/2024
Jury Demand: None
Nature of Suit: 441 Civil Rights: Voting
Jurisdiction: Federal Question

### Plaintiff

**Karen Testerman**  represented by  **Karen Testerman**
9 Stone Avenue
Franklin, NH 03235
603 934−7111
Email: <u>karen@karentesterman.com</u>
PRO SE

### Plaintiff

**Lynn−Diane Briggs**  represented by  **Lynn−Diane Briggs**
4 Golden Pond Lane
Amherst, NH 03031
603 801−6886
Email: <u>lynbdance@gmail.com</u>
PRO SE

### Plaintiff

**Wayne Paul Saya, Sr.**  represented by  **Wayne Paul Saya, Sr.**
24 Cadogan Way
Nashua, NH 03062
571 220−3344
PRO SE

V.

### Defendant

**NH Secretary of State**  represented by  **Brendan Avery O'Donnell**
*TERMINATED: 01/09/2024*  NH Department of Justice (Concord)
*other*  33 Capitol St
David Scanlan  Concord, NH 03301
*TERMINATED: 01/09/2024*  603−271−3650
Fax: 603−271−2110
Email: <u>brendan.a.odonnell@doj.nh.gov</u>
*ATTORNEY TO BE NOTICED*

### Defendant

represented by

**NH Republican State Committee**
*TERMINATED: 01/09/2024*
*other*
Chris Ager
*TERMINATED: 01/09/2024*

**Bryan K. Gould**
Cleveland Waters & Bass PA
Two Capital Plaza
PO Box 1137
Concord, NH 03302−1137
603 224−7761
Email: gouldb@cwbpa.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Demetrio F. Aspiras , III**
Drummond Woodsum
670 N Commercial St, Ste 207
Manchester, NH 03101−1845
603−792−7414
Fax: 603−716−2899
Email: daspiras@dwmlaw.com
*ATTORNEY TO BE NOTICED*

**Jacob Rhodes**
Cleveland Waters & Bass PA
Two Capital Plaza
PO Box 1137
Concord, NH 03302−1137
603−224−7761
Email: rhodesj@cwbpa.com
*ATTORNEY TO BE NOTICED*

**Mark V. Franco**
Drummond Woodsum
84 Marginal Way, Ste 600
Portland, ME 04101
207 772−1941
Email: mfranco@dwmlaw.com
*ATTORNEY TO BE NOTICED*

<u>other</u>

**Attorney Norman J Silber**    represented by    **Norman Jules Silber**
Attorney Norman J. Silber
243 Mountain Dr
Gilford, NH 03249−6764
603−293−0565
Email: njs@silbersnh.com
*TERMINATED: 01/02/2024*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 11/07/2023 | 1 | COMPLAINT against NH Republican State Committee, NH Secretary of State (Filing fee $ 402 receipt number 1043) filed by Karen Testerman, Wayne Paul Saya, Sr, Lynn−Diane Briggs. (Attachments: # 1 Exhibits, # 2 Summonses)(ed) (Entered: |

| | | |
|---|---|---|
| | | 11/08/2023) |
| 11/07/2023 | 2 | Replaced by doc. nos. 20 , 21 , 22 − MOTION for Expedited Consideration for Preliminary Injunction Relief filed by Lynn−Diane Briggs, Wayne Paul Saya, Sr, Karen Testerman.(ed) Modified on 12/5/2023 to add replaced text: (jb). (Entered: 11/08/2023) |
| 11/07/2023 | | Case assigned to Judge Joseph N. Laplante and US Magistrate Judge Andrea K Johnstone. The case designation is: 1:23−cv−499−JL−AJ. Please show this number with the judge designation on all future pleadings. (ed) (Entered: 11/08/2023) |
| 11/08/2023 | | NOTICE. This case has been designated for Electronic Case Filing. All further submissions shall be filed in compliance with the Administrative Procedures for Electronic Case Filing. Pro se litigants are not required to file electronically and may continue to file documents in paper format. Persons filing electronically are strongly encouraged to complete the interactive training modules available on the courts website. To access these modules, click HERE. (ed) (Entered: 11/08/2023) |
| 11/08/2023 | 3 | Summonses issued by mail as to NH Republican State Committee, NH Secretary of State. **Counsel shall serve all documents in accordance with Fed. R. Civ. P. 4.** (Attachments: # 1 Notice ECF)(ed) (Entered: 11/08/2023) |
| 11/16/2023 | 4 | NOTICE of Attorney Appearance by Brendan Avery O'Donnell on behalf of NH Secretary of State Attorney Brendan Avery O'Donnell added to party NH Secretary of State(pty:dft).(O'Donnell, Brendan) (Entered: 11/16/2023) |
| 11/16/2023 | 6 | Return of Service Executed as to NH Secretary of State by All Plaintiffs. Served/Mailed on 11/15/2023. Answer Follow Up on 12/6/2023. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c).(jb) (Entered: 11/21/2023) |
| 11/16/2023 | 7 | Return of Service Executed as to NH Republican State Committee by All Plaintiffs. Served/Mailed on 11/15/2023. Answer Follow Up on 12/6/2023. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c).(jb) (Entered: 11/21/2023) |
| 11/17/2023 | 5 | MOTION for Leave to File Amended Motion for Expedited Consideration for Preliminary Injunctive Relief filed by Wayne Paul Saya, Sr. Follow up on Objection on 12/1/2023. (Attachments: # 1 Exhibit Amended Motion for Expedited Consideration for Preliminary Injunctive Relief)(jb) (Entered: 11/20/2023) |
| 11/20/2023 | 8 | Addendum/ to 5 MOTION for Leave to File Amend Motion for Expedited Consideration for Preliminary Injunctive Relief by Wayne Paul Saya, Sr. (Attachments: # 1 Exhibit A − 9/13/23 Memorandum to City and Town Clerks and Supervisors of the Checklist, # 2 Exhibit B − 10/12/23 Email, # 3 Exhibit C − 10/11/23 Article, # 4 Exhibit D − 10/6/23 Letter to Chris Ager, # 5 Exhibit Declaration of Wayne Paul Saya, Sr., # 6 Exhibit Wayne P. Saya, Sr. Curriculum Vitae, # 7 Certificate of Service)(jb) (Entered: 11/21/2023) |
| 11/20/2023 | 9 | MOTION for Protective Order Governing Confidential Documents and Information filed by Wayne Paul Saya, Sr. Follow up on Objection on 12/4/2023. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c). (Attachments: # 1 Exhibit Proposed Protective Order Governing Confidential Documents and Information, # 2 Certificate of Service)(jb) (Entered: 11/21/2023) |

| | | |
|---|---|---|
| 11/20/2023 | 10 | MOTION for Leave to Amend Motion for Expedited Consideration for Preliminary Injunctive Relief filed by Lynn−Diane Briggs.Follow up on Objection on 12/4/2023. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c). (Attachments: # 1 Exhibit Amended Motion of "Lynn−Diane Briggs" for Expedited Consideration for Preliminary Injunctive Relief, # 2 Exhibit Declaration of Lynn−Diane Briggs in Support of My Amended Motion for Expedited Consideration for Preliminary Injunctive Relief, # 3 Exhibit Exhibit List to Amended Motion, # 4 Exhibit A − 9/13/23 Memorandum to City and Town Clerks and Supervisors of the Checklist, # 5 Exhibit B − 10/12/23 Email, # 6 Exhibit C − 10/11/23 Article, # 7 Exhibit D − 10/6/23 Letter to Chris Ager)(jb) (Entered: 11/21/2023) |
| 11/20/2023 | 11 | MOTION for Protective Order Governing Confidential Documents and Information filed by Lynn−Diane Briggs.Follow up on Objection on 12/4/2023. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c). (Attachments: # 1 Exhibit Proposed Protective Order Governing Confidential Documents and Information, # 2 Certificate of Service)(jb) (Entered: 11/21/2023) |
| 11/21/2023 | 12 | MOTION for the Court to Take Judicial Notice, by Recognizing Plaintiff Karen Testerman Will Not Be Requesting a Protective Order Governing Confidential Documents and Information filed by Karen Testerman.Follow up on Objection on 12/5/2023. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c).(jb) (Entered: 11/21/2023) |
| 11/21/2023 | 13 | NOTICE of Attorney Appearance by Bryan K. Gould on behalf of NH Republican State Committee Attorney Bryan K. Gould added to party NH Republican State Committee(pty:dft).(Gould, Bryan) (Entered: 11/21/2023) |
| 11/21/2023 | 14 | NOTICE of Attorney Appearance by Jacob Rhodes on behalf of NH Republican State Committee Attorney Jacob Rhodes added to party NH Republican State Committee(pty:dft).(Rhodes, Jacob) (Entered: 11/21/2023) |
| 11/27/2023 | 15 | MOTION of "Karen Testerman" For the Court to Waive Rule 6 Time Requirements for Defendants to File Their Answer to Plaintiff's Complaint filed by Karen Testerman.Follow up on Objection on 12/11/2023. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c).(jb) (Entered: 11/28/2023) |
| 11/27/2023 | 16 | MOTION of "Karen Testerman" for Extension of Time to File Motion for Expedited Consideration For Preliminary Injunctive Relief, with Sworn Declaration filed by Karen Testerman.Follow up on Objection on 12/11/2023. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c).(jb) (jb). Modified on 11/28/2023 to add document (jb). (Entered: 11/28/2023) |
| 11/29/2023 | 17 | MOTION of "Lynn−Diane Briggs" for the Court to Waive Rule 6 Time Requirements for Defendants to File Their Answer to Plaintiff's Complaint filed by Lynn−Diane Briggs. Follow up on Objection on 12/13/2023. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c).(jb) (Entered: 11/29/2023) |
| 11/29/2023 | 18 | Partially Assented to MOTION to Extend Time to Object/Respond to 2 MOTION for Preliminary Injunction to December 6, 2023 filed by NH Secretary of State.Follow up on Objection on 12/13/2023. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c).(O'Donnell, Brendan) (Entered: 11/29/2023) |

| | | |
|---|---|---|
| 12/01/2023 | 20 | Plaintiff "Karen Testerman" Amended Motion and Memorandum for Expedited Consideration for Preliminary Injunction filed by Karen Testerman. Served on 12/1/2023. Follow up on Objection on 12/15/2023. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c). (Attachments: # 1 Declaration of "Karen Testerman" in Support of Plaintiff's Amended Motion and Memorandum for Expedited Injunctive Relief, # 2 Exhibit Exhibit List to Exhibits, # 3 Exhibit A−Memo dated 9/13/23 from Scanlan to City and Town Clerk's, # 4 Exhibit B−Email dated 10/9/23 from Scanlan re Norman Silber's request, # 5 Exhibit C−NH news article, # 6 Exhibit D−Letter from Testerman to Ager, # 7 Exhibit E−NH GOP Annual Meeting 1/28/23, # 8 Exhibit F−Testerman Letter dated 10/5/23 to Ager, # 9 Exhibit G−Testerman email dated 10/5/23 to Ager, # 10 Exhibit H − Testerman Letter dated 10/6/23 to Ager, # 11 Exhibit I−10/11/23 NH Bulletin News Article)(jb) (Entered: 12/05/2023) |
| 12/04/2023 | 19 | Plaintiff "Karen Testerman" Motion for Leave Requesting the Court to Dismiss her Non−Complying Motion for Expedited Consideration for Preliminary Injunctive Relief and Allow Plaintiff's Motion of the Same Title with Accompaning Declaration to Serve as Being Seperated from the Non−Complying Class filed by Karen Testerman. Served on 12/4/2023.Follow up on Objection on 12/18/2023. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c).(jb) (Entered: 12/04/2023) |
| 12/04/2023 | | **ENDORSED ORDER granting 5 MOTION for Leave to File Amended Motion for Expedited Consideration for Preliminary Injunctive Relief.. *Text of Order: Granted. The deputy clerk shall re−docket the amended motion and any exhibits attached to the Motion for Leave to File using the appropriate event in CMECF.* So Ordered by US Magistrate Judge Andrea K Johnstone.(jb) (Entered: 12/05/2023)** |
| 12/04/2023 | 21 | AMENDED MOTION for Expedited Consideration for Preliminary Injunctive Relief filed by Wayne Paul Saya, Sr. Follow up on Objection on 12/18/2023. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c). (Attachments: # 1 Declaration of Wayne Paul Saya, Sr., # 2 Exhibit to Declaration of Wayne Paul Saya, Sr. − CV, # 3 Exhibit List to Amended Motion, # 4 Exhibit A − 9/13/23 Memorandum to City and Town Clerks and Supervisors of the Checklist, # 5 Exhibit B − 10/12/23 Email, # 6 Exhibit C − 10/11/23 Article, # 7 Exhibit D − 10/6/23 Letter to Chris Ager)(jb) (Entered: 12/05/2023) |
| 12/05/2023 | | **ENDORSED ORDER granting 10 MOTION for Leave to Amend Motion for Expedited Consideration for Preliminary Injunctive Relief.. *Text of Order: Granted. The deputy clerk shall re−docket the amended motion and any exhibits attached to the Motion for Leave to File using the appropriate event in CMECF.* So Ordered by US Magistrate Judge Andrea K Johnstone.(jb) (Entered: 12/05/2023)** |
| 12/05/2023 | 22 | Amended Motion of "Lynn−Diane Briggs" for Expedited Consideration for Preliminary Injunctive Relief filed by Lynn−Diane Briggs. Follow up on Objection on 12/19/2023. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c). (Attachments: # 1 Declaration of Lynn−Diane Briggs, # 2 Exhibit List to Exhibits, # 3 Exhibit A − 9/13/23 Memorandum to City and Town Clerks and Supervisors of the Checklist, # 4 Exhibit B − 10/12/23 Email, # 5 Exhibit C −10/11/23 Article, # 6 Exhibit D − 10/6/23 Letter to Chris Ager)(jb) Modified on 12/6/2023 to add Exhibit D description (jb). (Entered: 12/05/2023) |
| 12/05/2023 | 24 | |

| | | |
|---|---|---|
| | | MOTION for the Court to Take Judicial Notice Plaintiff "Karen Testerman" is Currently Challenging Defendant Chris Ager Counsel as a Conflict of Interest in This Current Federal Court Action filed by Karen Testerman.Follow up on Objection on 12/19/2023. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c).(jb) (Entered: 12/06/2023) |
| 12/05/2023 | 25 | Plaintiff "Lynn−Diane Briggs" Motion for Leave Requesting the Court to Dismiss Her Non−Complying Motion for Expedited Consideration for Preliminary Injunctive Relief and Allow Plaintiff's Later−Filed Motion of the Same Title with Accompanying Declaration to Serve as Being Seperated from the Non−Complying Class filed by Lynn−Diane Briggs.Follow up on Objection on 12/19/2023. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c).(jb) (Entered: 12/06/2023) |
| 12/05/2023 | 26 | Plaintiff "Wayne Paul Saya, Sr." Motion for Leave Requesting the Court to Dismiss His Non−Complying Motion for Expedited Consideration for Preliminary Injunctive Relief and Allow Plaintiff's Later−Filed Motion of the Same Title with Accompanying Declaration to Serve as Being Seperated from the Non−Complying Class filed by Wayne Paul Saya, Sr.Follow up on Objection on 12/19/2023. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c).(jb) (Entered: 12/06/2023) |
| 12/06/2023 | 23 | Assented to MOTION to Extend Time to Answer to December 8, 2023 filed by NH Republican State Committee.(Rhodes, Jacob) (Entered: 12/06/2023) |
| 12/06/2023 | | NOTICE of Conference. Case Management Conference set for 12/18/2023 10:00 AM before US Magistrate Judge Andrea K Johnstone. (bd) (Entered: 12/06/2023) |
| 12/06/2023 | | **ENDORSED ORDER granting 23 Assented to MOTION to Extend Time to Answer to December 8, 2023 re 1 Complaint. *Text of Order: Granted.* So Ordered by US Magistrate Judge Andrea K Johnstone. Answer Follow Up on 12/8/2023. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c).(jb) (Entered: 12/06/2023)** |
| 12/06/2023 | | RESCHEDULING NOTICE of Hearing. Case Management Conference set for 12/21/2023 10:00 AM before US Magistrate Judge Andrea K Johnstone. (bd) (Entered: 12/06/2023) |
| 12/06/2023 | 27 | MOTION to Dismiss for Failure to State a Claim filed by NH Secretary of State.Follow up on Objection on 12/20/2023. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c). (Attachments: # 1 Memorandum of Law in support of secretary of state's motion to dismiss)(O'Donnell, Brendan) (Entered: 12/06/2023) |
| 12/08/2023 | 28 | MOTION to Dismiss *for lack of standing and failure to state a claim* filed by NH Republican State Committee.Follow up on Objection on 12/22/2023. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c). (Attachments: # 1 Memorandum of Law in Support of Dismissal)(Rhodes, Jacob) (Entered: 12/08/2023) |
| 12/11/2023 | 29 | Assented to MOTION for Leave to File Amended Complaint and Prayer for Declaratory and Preliminary Injunctive Relief filed by Wayne Paul Saya, Sr. (Attachments: # 1 Motion to Amend Complaint, # 2 Amended Complaint, # 3 Email confirming assent of defendants)(jb) (Entered: 12/12/2023) |

| | | |
|---|---|---|
| 12/11/2023 | 30 | Assented to MOTION for Joinder as Pro Se Plaintiff in the Amended Complaint of Wayne Paul Saya, Sr. in Above−Named Non−Class Action re: 29 Assented to MOTION for Leave to File Amended Complaint and Prayer for Declaratory and Preliminary Injunctive Relief filed by Karen Testerman. (Attachments: # 1 Email confirming assent of defendants)(jb) (Entered: 12/12/2023) |
| 12/11/2023 | 31 | Assented to MOTION for Joinder as a Pro Se Plaintiff in the Amended Complaint of Wayne Paul Saya, Sr. in the Above−Named Non−Class Action re: 29 Assented to MOTION for Leave to File Amended Complaint and Prayer for Declaratory and Preliminary Injunctive Relief filed by Lynn−Diane Briggs. (Attachments: # 1 Email confirming assent of defendants)(jb) (Entered: 12/12/2023) |
| 12/13/2023 | 32 | Assented to MOTION for Leave of the Court to File Motion to Amend Complaint filed by Karen Testerman. (Attachments: # 1 Exhibit Amended Complaint, # 2 Exhibit Email confirming assent of defendants)(jb) (Entered: 12/13/2023) |
| 12/13/2023 | 33 | Assented to MOTION by Pro Se Plaintiff "Lynn−Diane Briggs" for Joinder as a Pro Se Plaintiff in the Amended Complaint of Karen Testerman in Above−Named Non−Class Action re: 32 Assented to MOTION for Leave to File for Leave of the Court to File Motion to Amend Complaint filed by Lynn−Diane Briggs. (Attachments: # 1 Email confirming assent of defendants)(jb) (Entered: 12/13/2023) |
| 12/13/2023 | 34 | OBJECTION to 15 MOTION of "Karen Testerman" For the Court to Waive Rule 6 Time Requirements for Defendants to File Their Answer to Plaintiff's Complaint filed by NH Republican State Committee. Follow up on Reply on 12/20/2023. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c). (Gould, Bryan) (Entered: 12/13/2023) |
| 12/13/2023 | 35 | MOTION by Pro Se Plaintiff "Wayne Paul Saya, Jr." for Joinder as a Plaintiff in 32 Assented to MOTION for Leave to File for Leave of the Court to File Motion to Amend Complaint filed by Wayne Paul Saya, Sr.Follow up on Objection on 12/27/2023. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c).(jb) (Entered: 12/14/2023) |
| 12/15/2023 | 36 | Partially Assented to MOTION to Extend Time to Object/Respond *to Motions for Preliminary Injunctions* filed by NH Republican State Committee.Follow up on Objection on 12/29/2023. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c).(Rhodes, Jacob) (Entered: 12/15/2023) |
| 12/15/2023 | 37 | OBJECTION to 17 MOTION of "Lynn−Diane Briggs" for the Court to Waive Rule 6 Time Requirements for Defendants to File Their Answer to Plaintiff's Complaint filed by NH Republican State Committee. Follow up on Reply on 12/22/2023. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c). (Rhodes, Jacob) (Entered: 12/15/2023) |
| 12/18/2023 | 38 | NOTICE of Joinder in Defendant Chris Ager's Motion to Extend − ECF Doc 36 by NH Secretary of State.(O'Donnell, Brendan) (Entered: 12/18/2023) |
| 12/18/2023 | 40 | Plaintiff Wayne Paul Saya, Sr. Second Amended Motion for Expedited Consideration for Preliminary Injunctive Relief − To Conform to Corrections Made Within the Amended Complaint as Joined by Plaintiff filed by Wayne Paul Saya, Sr.Follow up on Objection on 1/2/2024. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c). (Attachments: # 1 Memorandum of Law)(jb) . (Entered: 12/19/2023) |

| | | |
|---|---|---|
| 12/18/2023 | 41 | Plaintiff "Karen Testerman" Assented to Motion for Joinder in the 40 Amended Memorandum of Law of Plaintiff Wayne Paul Saya, Sr., in Support of his Amended Expedited Motion for Preliminary Injunctive Relief filed by Karen Testerman. (Attachments: # 1 Assent to Joinder)(jb) (Entered: 12/19/2023) |
| 12/18/2023 | 42 | Plaintiff "Lynn−Diane Briggs" Assented to Motion for Joinder in the 40 Amended Memorandum of Law of Plaintiff Wayne Paul Saya, Sr., in Support of his Amended Motion for Preliminary Injunctive Relief filed by Lynn−Diane Briggs. (Attachments: # 1 Assent to Joinder)(jb) (Entered: 12/19/2023) |
| 12/19/2023 | 39 | OBJECTION to 24 MOTION for the Court to Take Judicial Notice Plaintiff "Karen Testerman" is Currently Challenging Defendant Chris Ager Counsel as a Conflict of Interest in This Current Federal Court Action filed by NH Republican State Committee. Follow up on Reply on 12/26/2023. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c). (Gould, Bryan) (Entered: 12/19/2023) |
| 12/20/2023 | 43 | Pro Se Motion to Participate in Electronic Filing filed by Karen Testerman.Follow up on Objection on 1/3/2024. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c).(jb) (Entered: 12/21/2023) |
| 12/20/2023 | 44 | Pro Se Motion to Participate in Electronic Filing filed by Lynn−Diane Briggs.Follow up on Objection on 1/3/2024. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c).(jb) (Entered: 12/21/2023) |
| 12/21/2023 | | Minute Entry for proceedings held before US Magistrate Judge Andrea K Johnstone. CASE MANAGEMENT CONFERENCE held on 12/21/2023. Scheduling order to issue. (Pltfs Atty: Karen Testerman, Lynn−Diane Briggs, Wayne Paul Saya, Sr.) (Defts Atty: Brendan Avery O'Donnell, Bryan K. Gould, Jacob Rhodes) (Tape #10:05; 10:33)(Total Hearing Time: 40 Min) (bd) (Entered: 12/21/2023) |
| 12/21/2023 | 45 | **PROCEDURAL ORDER re 27 Motion to Dismiss for Failure to State a Claim, 28 Motion to Dismiss; 32 Assented to MOTION for Leave of the Court to File Motion to Amend Complaint and 40 Plaintiff Wayne Paul Saya, Sr. Second Amended Motion for Expedited Consideration for Preliminary Injunctive Relief − To Conform to Corrections Made Within the Amended Complaint as Joined by Plaintiff. Plaintiffs' response to pending motions to dismiss (doc. nos. 27 and 28 ) due by 12/22/2023. Responses to Amended Complaint (doc. no. 32 ) due 12/28/2023 and Responses to Motion for Preliminary Injunction (doc. no. 40 ) due by 1/4/2024. So Ordered by US Magistrate Judge Andrea K Johnstone.(jb) (Entered: 12/21/2023)** |
| 12/21/2023 | | **HEARING NOTICE** re: 40 Plaintiff Wayne Paul Saya, Sr. Second Amended Motion for Expedited Consideration for Preliminary Injunctive Relief − To Conform to Corrections Made Within the Amended Complaint as Jointed by Plaintiff. Hearing on Motion for Preliminary Injunction set for 1/5/2024 at 01:30 PM before Judge Joseph N. Laplante.(jb) (Entered: 12/21/2023) |
| 12/21/2023 | 46 | **PROCEDURAL ORDER re 1/5/2024 Preliminary Injunction Motion Hearing. Timelines and Statement of Fact deadlines as outlined by 1/2/2024. Witness Lists by 12/28/2023. Exhibit Lists and Proposed Findings of Fact and Rulings of Law by 1/4/2024. Plaintiff to file proposed order as outlined by 1/4/2024. So Ordered by US Magistrate Judge Andrea K Johnstone.(jb) (Entered: 12/21/2023)** |

| | |
|---|---|
| 12/21/2023 | **CORRECTED HEARING NOTICE** (to correct presiding judge) re: <u>40</u> Plaintiff Wayne Paul Saya, Sr. Second Amended Motion for Expedited Consideration for Preliminary Injunctive Relief − To Conform to Corrections Made Within the Amended Complaint. Hearing on Motion for Preliminary Injunction set for 1/5/2024 at 01:30 PM before US Magistrate Judge Andrea K Johnstone.(jb) (Entered: 12/21/2023) |
| 12/22/2023 | **ENDORSED ORDER granting <u>32</u> Assented to MOTION for Leave of the Court to File Motion to Amend Complaint; granting in part and denying in part <u>40</u> Plaintiff Wayne Paul Saya, Sr. Second Amended Motion for Expedited Consideration for Preliminary Injunctive Relief − To Conform to Corrections Made Within the Amended Complaint as Joined by Plaintiff; granting <u>33</u> Assented to MOTION by Pro Se Plaintiff "Lynn−Diane Briggs" for Joinder as a Pro Se Plaintiff in the Amended Complaint of Karen Testerman in Above−Named Non−Class Action; <u>41</u> Plaintiff "Karen Testerman" Assented to Motion for Joinder; granting <u>42</u> Plaintiff "Lynn−Diane Briggs" Assented to Motion for Joinder; denying as moot <u>29</u> Assented to MOTION for Leave to File Amended Complaint; denying as moot <u>16</u> MOTION of "Karen Testerman" for Extension of Time to File Motion for Expedited Consideration For Preliminary Injunctive Relief; denying as moot <u>30</u> Assented to MOTION for Joinder as Pro Se Plaintiff in the Amended Complaint; denying as moot <u>31</u> Assented to MOTION for Joinder as a Pro Se Plaintiff in the Amended Complaint; denying as moot <u>18</u> Partially Assented to MOTION to Extend Time to Object/Respond; denying as moot <u>36</u> Partially Assented to MOTION to Extend Time to Object/Respond to Motions for Preliminary Injunctions.** *Text of Order: Plaintiff Karen Testerman's Motion for Leave to File Amended Complaint (32) is GRANTED. ECF No. 32−1 is the operative complaint. Plaintiff Wayne Saya's Second Amended Motion for Expedited Consideration (40) is GRANTED to the extent that ECF No. 40−1 is the operative motion for preliminary injunction, and is otherwise DENIED. Plaintiff Lynn−Diane Briggs' Motion for Joinder (33) is GRANTED. Plaintiff Karen Testerman's Motion for Joinder (41) is GRANTED. Plaintiff Lynn−Diane Briggs' Motion for Joinder (42) is Granted. Plaintiff Wayne Saya's Motion for Leave to File Amended Complaint (29) is DENIED as moot. Plaintiff Karen Testerman's Motion to Extend Time (16) is DENIED as moot. Plaintiff Karen Testerman's Motion for Joinder (30) is DENIED as moot. Plaintiff Lynn−Diane Briggs' Motion for Joinder (31) is DENIED as moot. Defendants' Motions to Extend Time (18) and (36) are DENIED as moot. So Ordered by US Magistrate Judge Andrea K Johnstone.*(jb) (Entered: 12/22/2023) |
| 12/22/2023 | **ENDORSED ORDER denying without prejudice <u>9</u> MOTION for Protective Order Governing Confidential Documents and Information; denying without prejudice <u>11</u> MOTION for Protective Order Governing Confidential Documents and Information; denying <u>12</u> MOTION for the Court to Take Judicial Notice, by Recognizing Plaintiff Karen Testerman Will Not Be Requesting a Protective Order Governing Confidential Documents and Information; denying as moot <u>15</u> MOTION of "Karen Testerman" For the Court to Waive Rule 6 Time Requirements for Defendants to File Their Answer to Plaintiff's Complaint; denying as moot <u>17</u> MOTION of "Lynn−Diane Briggs" for the Court to Waive Rule 6 Time Requirements for Defendants to File Their Answer to Plaintiff's Complaint.** *Text of Order: Plaintiff Wayne Saya's and Plaintiff Diane−Lynn Briggs' Motions for Protective Order (9) and (11) are DENIED without prejudice as premature. Protective Orders govern the confidentiality of materials produced during discovery. See LR 26.2. Plaintiff Karen Testerman's Motion for Judicial Notice (12)* |

| | | |
|---|---|---|
| | | *is DENIED, as the subject matter of the motion is not appropriate for judicial notice. See Fed. R. Evid. 201. Plaintiff Karen Testerman's Motion to Waive Rule 6 Time Requirements (15) is DENIED as moot, in light of the court's December 21, 2023, scheduling order. Plaintiff Lynn−Diane Briggs' Motion to Waive Rule 6 Time Requirements (17) is DENIED as moot for the same reason. So Ordered.* **So Ordered by US Magistrate Judge Andrea K Johnstone.**(jb) (Entered: 12/22/2023) |
| 12/22/2023 | | **ENDORSED ORDER denying as moot 19 Plaintiff "Karen Testerman" Motion for Leave Requesting the Court to Dismiss her Non−Complying Motion for Expedited Consideration for Preliminary Injunctive Relief and Allow Plaintiff's Motion of the Same Title with Accompanying Declaration to Serve as Being Seperated from the Non−Complying Class; denying as moot 20 Plaintiff "Karen Testerman" Amended Motion and Memorandum for Expedited Consideration for Preliminary Injunction; denying as moot 21 AMENDED MOTION for Expedited Consideration for Preliminary Injunctive Relief; denying as moot 22 Amended Motion of "Lynn−Diane Briggs" for Expedited Consideration for Preliminary Injunctive Relief; denying 24 MOTION for the Court to Take Judicial Notice Plaintiff "Karen Testerman" is Currently Challenging Defendant Chris Ager Counsel as a Conflict of Interest in This Current Federal Court Action** *Text of Order: Plaintiff Karen Testerman's Motion for Leave to File (19) is DENIED as moot. Plaintiff Karen Testerman's Amended Motion to Expedite (20), plaintiff Wayne Saya's Amended Motion to Expedite (21), and Plaintiff Lynn−Diane Briggs' Amended Motion to Expedite (22) are DENIED as moot. Plaintiff Karen Testerman's Motion for the Court to Take Judicial Notice (24) is DENIED, as the subject matter of the motion is not appropriate for judicial notice. See Fed. R. Evid. 201.* **So Ordered by US Magistrate Judge Andrea K Johnstone.**(jb) Modified on 12/29/2023 to remove endorsed order duplicate text: (jb). (Entered: 12/22/2023) |
| 12/22/2023 | <u>47</u> | MOTION for Leave of the Court to File this Late Objection with Memorandum to Defendant Secretary of State's Motion to Dismiss and to Join with Defendant Chris Ager's Motion to Dismiss filed by Lynn−Diane Briggs, Wayne Paul Saya, Sr, Karen Testerman.(jb) (Entered: 12/26/2023) |
| 12/26/2023 | | **ENDORSED ORDER granting 47 MOTION for Leave of the Court to File this Late Objection with Memorandum to Defendant Secretary of State's Motion to Dismiss and to Join with Defendant Chris Ager's Motion to Dismiss.** *Text of Order: Granted. The court construes the pleading (doc. no. 47 ) as the objection to the pending motions to dismiss (doc. no. 27 and 28 ).* **So Ordered by Judge Joseph N. Laplante.**(jb) (Entered: 12/26/2023) |
| 12/26/2023 | <u>48</u> | **PROCEDURAL ORDER re January 5, 2024 hearing. Hearing will be limited to the issue of plaintiffs' standing. Filing requirements and deadlines set in Order issued December 21, 2023 (doc. no. 46 ) are suspended. On or before January 3, 2024, parties to file witness list, exhibit list and proposed findings of fact and rulings of law in this case as outlined. So Ordered by Judge Joseph N. Laplante.**(jb) (Entered: 12/26/2023) |
| 12/26/2023 | | NOTICE of Hearing. PRELIMINARY INJUNCTION Hearing set for 1/5/2024 01:30 PM before US Magistrate Judge Andrea K Johnstone. (bd) (Entered: 12/26/2023) |
| 12/26/2023 | | CORRECTED HEARING NOTICE (to correct hearing type). Evidentiary Hearing set for 1/5/2024 01:30 PM before US Magistrate Judge Andrea K Johnstone. (bd) (Entered: 12/26/2023) |

| | | |
|---|---|---|
| 12/28/2023 | | **ENDORSED ORDER granting 43 Pro Se Motion to Participate in Electronic Filing.** *Text of Order: Granted.* **So Ordered by US Magistrate Judge Andrea K Johnstone.**(jb) (Entered: 12/28/2023) |
| 12/28/2023 | | **ENDORSED ORDER granting 44 Pro Se Motion to Participate in Electronic Filing.** *Text of Order: Granted.* **So Ordered by US Magistrate Judge Andrea K Johnstone.**(jb) (Entered: 12/28/2023) |
| 12/28/2023 | | **ENDORSED ORDER granting 35 MOTION by Pro Se Plaintiff "Wayne Paul Saya, Sr." for Joinder as a Plaintiff in 32 Motion for Leave to File for Leave of the Court to File Motion to Amend Complaint** *Text of Order: Granted.* **So Ordered by US Magistrate Judge Andrea K Johnstone.**(jb) (Entered: 12/28/2023) |
| 12/28/2023 | 49 | MOTION to Dismiss for Failure to State a Claim *(Motion to Dismiss Amended Complaint, ECF 32−1)* filed by NH Secretary of State.Follow up on Objection on 1/11/2024. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c). (Attachments: # 1 Memorandum of Law)(O'Donnell, Brendan) (Entered: 12/28/2023) |
| 12/28/2023 | 50 | OBJECTION to 40 Plaintiff Wayne Paul Saya, Sr. Second Amended Motion for Expedited Consideration for Preliminary Injunctive Relief − To Conform to Corrections Made Within the Amended Complaint as Joined by Plaintiff filed by NH Republican State Committee. Follow up on Reply on 1/4/2024. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c). (Rhodes, Jacob) Modified on 12/29/2023 to correct document association. (jb). (Entered: 12/28/2023) |
| 12/28/2023 | 51 | RESPONSE re 40 Plaintiff Wayne Paul Saya, Sr. Second Amended Motion for Expedited Consideration for Preliminary Injunctive Relief − To Conform to Corrections Made Within the Amended Complaint as Jointed by Plaintiff filed by NH Secretary of State. (O'Donnell, Brendan) Modified on 12/29/2023 correct document association (jb). (Entered: 12/28/2023) |
| 12/28/2023 | 52 | MOTION to Dismiss for Failure to State a Claim filed by NH Republican State Committee.Follow up on Objection on 1/11/2024. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c).(Rhodes, Jacob) (Entered: 12/28/2023) |
| 12/28/2023 | 53 | Witness List for 1/5/2024 Evidentiary Hearing by Lynn−Diane Briggs, Wayne Paul Saya, Sr, Karen Testerman. (jb) (Entered: 12/29/2023) |
| 12/29/2023 | | RESCHEDULING HEARING NOTICE (to change presiding judge). Evidentiary Hearing set for 1/5/2024 at 01:30 PM before Judge Joseph N. Laplante.(jb) (Entered: 12/29/2023) |
| 12/29/2023 | 54 | MOTION to Quash Plaintiff Testerman's Subpoena for Documents filed by NH Secretary of State. Follow up on Objection on 1/12/2024. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c). (Attachments: # 1 Exhibit Exhibit A)(O'Donnell, Brendan) (Entered: 12/29/2023) |
| 12/31/2023 | 55 | NOTICE of Attorney Appearance by Norman Jules Silber on behalf of Norman J Silber (Silber, Norman) (Entered: 12/31/2023) |
| 01/01/2024 | 56 | MOTION for Norman J. Silber to Withdraw as Attorney filed by Norman J Silber. Attorney Norman Jules Silber added to party Norman J Silber(pty:oth).Follow up on Objection on 1/16/2024. The court only follow up date DOES NOT include 3 |

| | | |
|---|---|---|
| | | additional days that may apply per FRCP 6(d) and FRCrP 45(c). (Attachments: # 1 Proposed Order Proposed Order Granting Motion to Withdraw)(Silber, Norman) (Entered: 01/01/2024) |
| 01/02/2024 | | **NOTICE of Hearing**. In Chambers Conference via video−conference set for 1/2/2024 at 03:00 PM before Judge Joseph N. Laplante.(jb) (Entered: 01/02/2024) |
| 01/02/2024 | | **ENDORSED ORDER granting 56 Motion for Norman J. Silber to Withdraw as Attorney. _Text of Order: Granted._ So Ordered by Judge Joseph N. Laplante.(jb)** (Entered: 01/02/2024) |
| 01/02/2024 | 57 | STATUS REPORT by NH Republican State Committee : Ongoing (Attachments: # 1 Exhibit A − Saya Email to Gould, # 2 Exhibit B − Gould Email to Saya, # 3 Exhibit C − Testerman Subpoena to Ager, # 4 Exhibit D − Rhodes Email to Testerman, # 5 Exhibit E − Objection to Ager Subpoena)(Rhodes, Jacob) (Entered: 01/02/2024) |
| 01/02/2024 | | Minute Entry for proceedings held before Judge Joseph N. Laplante. IN CHAMBERS CONFERENCE held via video−conference on 1/2/2024. (Court Reporter: Brenda Hancock) (Pltfs Atty: Karen Testerman, Lynn−Diane Briggs, Wayne Paul Saya, Sr.) (Defts Atty: Brendan Avery O'Donnell, Bryan K. Gould, Jacob Rhodes)(Total Hearing Time: 46 minutes) (jb) (Entered: 01/02/2024) |
| 01/02/2024 | | **RESCHEDULING NOTICE of Hearing** (time change only). Evidentiary Hearing reset for 1/5/2024 at 09:30 AM (from 1:30 PM) before Judge Joseph N. Laplante.(jb) (Entered: 01/02/2024) |
| 01/03/2024 | | **ENDORSED ORDER reviewing 57 Status Report. _Text of Order: Reviewed._ So Ordered by Judge Joseph N. Laplante.(jb)** (Entered: 01/03/2024) |
| 01/03/2024 | 58 | **ORDER granting 54 MOTION to Quash Plaintiff Testerman's Subpoena for Documents and sustaining defendant Ager's objection. So Ordered by Judge Joseph N. Laplante.(jb)** (Entered: 01/03/2024) |
| 01/03/2024 | 59 | Request for Findings of Fact and Rulings of Law by NH Secretary of State. (O'Donnell, Brendan) (Entered: 01/03/2024) |
| 01/03/2024 | 60 | Final Witness List _for January 5 2024 Jurisdictional Hearing_ by NH Secretary of State. (O'Donnell, Brendan) (Entered: 01/03/2024) |
| 01/03/2024 | 61 | Final Witness List _for January 5, 2024 Hearing_ by NH Republican State Committee. (Rhodes, Jacob) (Entered: 01/03/2024) |
| 01/03/2024 | 62 | Request for Findings of Fact and Rulings of Law _for January 5, 2024 Hearing_ by NH Republican State Committee. (Rhodes, Jacob) (Entered: 01/03/2024) |
| 01/03/2024 | 63 | Statement of Facts and Memorandum of Law in Support of 'Standing' by Lynn−Diane Briggs, Wayne Paul Saya, Sr, Karen Testerman (Attachments: # 1 Email re unable to file electronically)(jb) (Entered: 01/04/2024) |
| 01/03/2024 | 64 | Amended Witness List for 1/5/2024 Evidentiary Hearing by Lynn−Diane Briggs, Wayne Paul Saya, Sr, Karen Testerman. (Attachments: # 1 Email re unable to file electronically)(jb) (Entered: 01/04/2024) |
| 01/05/2024 | 65 | Exhibit List for 1/5/2024 Evidentiary Hearing submitted by Lynn−Diane Briggs, Wayne Paul Saya, Sr, Karen Testerman. (jb) (Entered: 01/05/2024) |
| 01/05/2024 | | |

| | | |
|---|---|---|
| | | Minute Entry for proceedings held before Judge Joseph N. Laplante. EVIDENTIARY HEARING on the issue of standing held on 1/5/2024. Witnessess Appearing: Karen Testerman, Nikki McCarter, Lynn−Diane Briggs, Wayne Paul Saya, Sr. Evidence introduced. (Court Reporter: Liza W. Dubois) (Pltfs Atty: Karen Testerman, Lynn−Diane Briggs, Wayne Paul Saya, Sr.) (Defts Atty: Brendan Avery O'Donnell, Bryan K. Gould, Jacob Rhodes)(Total Hearing Time: 2 hours, 35 minutes) (jb) (Entered: 01/05/2024) |
| 01/05/2024 | 66 | Exhibit List for 1/5/2024 Evidentiary Hearing submitted NH Republican State Committee. (jb) (Entered: 01/05/2024) |
| 01/09/2024 | 67 | **///ORDER granting 27 Motion to Dismiss for Failure to State a Claim; granting 28 Motion to Dismiss for lack of standing and failure to state a claim. The clerk shall enter judgment accordingly and close the case. So Ordered by Judge Joseph N. Laplante.(jb) (Entered: 01/09/2024)** |
| 01/09/2024 | 68 | **JUDGMENT is hereby entered in accordance with 67 Order on Motions to Dismiss. Signed by Daniel J. Lynch, Clerk of Court. *(Case Closed)* (jb) (Entered: 01/09/2024)** |
| 01/16/2024 | 69 | TRANSCRIPT of Proceedings for Evidentiary Hearing held on January 5, 2024. Court Reporter: Liza W. Dubois, Telephone # 603 225−1442. Transcript is available for public inspection, but may not be copied or otherwise reproduced, at the Clerk's Office for a period of 90 days. Additionally, only attorneys of record and pro se parties with an ECF login and password who purchase a transcript from the court reporter will have access to the transcript through PACER during this 90−day period. If you would like to order a copy, please contact the court reporter at the above listed phone number. **NOTICE: Any party who requests an original transcript has 21 days from service of this notice to determine whether it is necessary to redact any personal identifiers and, if so, to electronically file a Redaction Request.** Redaction Request Follow Up 2/6/2024. Redacted Transcript Follow Up 2/16/2024. Release of Transcript Restriction set for 4/15/2024.(jb) (Entered: 01/16/2024) |
| 01/26/2024 | 70 | MOTION to "Alter or Amend Judgment" Under Fed. R. Civ. P. 59(e) Pursuant to the Court's Decision and Order to Dismiss for Lack of Standing filed by Lynn−Diane Briggs, Wayne Paul Saya, Sr. Follow up on Objection on 2/9/2024. (jb) (Entered: 01/26/2024) |
| 01/30/2024 | 71 | OBJECTION to 70 MOTION to "Alter or Amend Judgment" Under Fed. R. Civ. P. 59(e) Pursuant to the Court's Decision and Order to Dismiss for Lack of Standing filed by NH Secretary of State. Follow up on Reply on 2/6/2024. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c). (O'Donnell, Brendan) (Entered: 01/30/2024) |
| 02/01/2024 | 72 | OBJECTION to 70 MOTION to "Alter or Amend Judgment" Under Fed. R. Civ. P. 59(e) Pursuant to the Court's Decision and Order to Dismiss for Lack of Standing *and Joinder in NHSOS's Objection* filed by NH Republican State Committee. Follow up on Reply on 2/8/2024. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c). (Rhodes, Jacob) (Entered: 02/01/2024) |
| 02/02/2024 | 73 | MOTION to "Alter or Amend Judgment" Under Fed. R. Civ. P. 59(e) Pursuant to the Court's Decision and Order to Dismiss for Lack of Standing filed by Karen Testerman. |

| | | Served on 2/2/2024.Follow up on Objection on 2/16/2024. (jb) (Entered: 02/06/2024) |
|---|---|---|
| 02/02/2024 | 74 | NOTICE: Demand for Correction of Docket Entry by Karen Testerman. (jb) (Entered: 02/06/2024) |
| 02/05/2024 | 75 | REPLY to 71 and 72 Objections to 70 MOTION to "Alter or Amend Judgment" Under Fed. R. Civ. P. 59(e) Pursuant to the Court's Decision and Order to Dismiss for Lack of Standing filed by Lynn−Diane Briggs, Wayne Paul Saya, Sr. Surreply due by 2/12/2024. (jb) (Entered: 02/07/2024) |
| 02/05/2024 | 76 | Assented to MOTION to Excuse Late Filing re 75 Reply to Objections to Motion filed by Lynn−Diane Briggs, Wayne Paul Saya, Sr. (Attachments: # 1 Notice of Assent)(jb) (Entered: 02/07/2024) |
| 02/12/2024 | 77 | OBJECTION to 73 MOTION to "Alter or Amend Judgment" Under Fed. R. Civ. P. 59(e) Pursuant to the Court's Decision and Order to Dismiss for Lack of Standing filed by NH Republican State Committee. Follow up on Reply on 2/20/2024. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c). (Rhodes, Jacob) (Entered: 02/12/2024) |
| 02/14/2024 | 78 | OBJECTION to 73 MOTION to "Alter or Amend Judgment" Under Fed. R. Civ. P. 59(e) Pursuant to the Court's Decision and Order to Dismiss for Lack of Standing filed by NH Secretary of State. Follow up on Reply on 2/21/2024. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c). (O'Donnell, Brendan) (Entered: 02/14/2024) |
| 03/01/2024 | 79 | **ORDER denying 70 MOTION to "Alter or Amend Judgment" Under Fed. R. Civ. P. 59(e) Pursuant to the Court's Decision and Order to Dismiss for Lack of Standing; and denying 73 MOTION to "Alter or Amend Judgment" Under Fed. R. Civ. P. 59(e) Pursuant to the Court's Decision and Order to Dismiss for Lack of Standing. So Ordered by Judge Joseph N. Laplante.(jb) (Entered: 03/01/2024)** |
| 03/13/2024 | 80 | Plaintiff's Motion for Voluntary Dismissal of Defendant Chris Ager, Without Prejudice filed by Lynn−Diane Briggs, Wayne Paul Saya, Sr.Follow up on Objection on 3/27/2024. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c).(jb) (Entered: 03/13/2024) |
| 03/20/2024 | 81 | NOTICE of Attorney Appearance by Demetrio F. Aspiras, III on behalf of NH Republican State Committee Attorney Demetrio F. Aspiras, III added to party NH Republican State Committee(pty:dft).(Aspiras, Demetrio) (Entered: 03/20/2024) |
| 03/20/2024 | 82 | NOTICE of Attorney Appearance by Mark V. Franco on behalf of NH Republican State Committee Attorney Mark V. Franco added to party NH Republican State Committee(pty:dft).(Franco, Mark) (Entered: 03/20/2024) |
| 03/28/2024 | | Notice of ASSENT by Secretary of State as to 80 MOTION to Dismiss.(O'Donnell, Brendan) (Entered: 03/28/2024) |
| 03/29/2024 | 83 | NOTICE of Assent by NH Republican State Committee. (Attachments: # 1 Exhibit A−Emails Between Parties)(Rhodes, Jacob) (Entered: 03/29/2024) |
| 03/29/2024 | 84 | NOTICE OF APPEAL as to 68 Judgment on 67 Order on Motion to Dismiss for Failure to State a Claim by Lynn−Diane Briggs, Wayne Paul Saya, Sr. Filing fee $ 605, receipt number 1328. File−stamped copy to be sent to parties/USCA by Clerks Office. |

| | | |
|---|---|---|
| | | **NOTICE TO COUNSEL: Counsel should register for a First Circuit CM/ECF Appellate Filer Account at http://pacer.psc.uscourts.gov/cmecf/. Counsel and pro se parties should also review the First Circuit requirements for electronic filing by visiting the CM/ECF Information section at http://www.ca1.uscourts.gov/cmecf**(jb) (Entered: 03/30/2024) |
| 04/02/2024 | 85 | Appeal Cover Sheet as to 84 Notice of Appeal filed by Lynn−Diane Briggs, Wayne Paul Saya, Sr. (jb) (Entered: 04/02/2024) |
| 04/02/2024 | 86 | Clerk's Certificate transmitting Record on Appeal to US Court of Appeals, documents numbered 67−68, 84−86, re 84 Notice of Appeal. A copy of the Notice of Appeal mailed to all parties this date.(jb) (Entered: 04/02/2024) |

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

APPEAL COVER SHEET

1.   USDC/NH Case No. 23-cv-499-JL-AJ

2.   TITLE OF CASE: Testerman, et al. v. NH Secretary of State, et al.

3.   TYPE OF CASE: Civil

4.   NAME OF APPELLANT(S) & COUNSEL FOR APPELLANT(S):
     See certified copy of docket (ECF registered users not provided with a copy of docket)

5.   NAME OF APPELLEE(S) & COUNSEL FOR APPELLEE(S):
     See certified copy of docket (ECF registered users not provided with a copy of docket)

6.   NAME OF JUDGE: Judge Laplante

7.   DATE OF JUDGMENT OR ORDER ON APPEAL: **January 9, 2024**

8.   DATE OF NOTICE OF APPEAL: **March 29, 2024**

9.   FEE PAID or IFP :YES

10.  COURT APPOINTED COUNSEL: Not Applicable

11.  COURT REPORTER(S):   and DATES:

          Liza Dubois          1/16/2024
                               1/5/2024

          Brenda Hancock       1/2/24

12.  TRANSCRIPTS ORDERED/ON FILE:   Yes for 1/16/24 Evidentiary Hearing (#69)

13.  HEARING/TRIAL EXHIBITS: YES

14.  MOTIONS PENDING: YES  (Plaintiff's Motion for Voluntary Dismissal of Defendant
                               Chris Ager – doc. no. #80)

15.  GUIDELINES CASE: Not Applicable

UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE


Karen Testerman, et al.

        v.                                    No. 23-cv-499-JL-AJ

NH Secretary of State, et al.


CLERK'S CERTIFICATE TO
CIRCUIT COURT OF APPEALS


        I, Jadean Barthelmes, Deputy Clerk of the United States District
Court for the District of New Hampshire, do hereby certify that the
following documents constitute the record on appeal to the First
Circuit Court of Appeals:

        DOCUMENTS NUMBERED: 67-68, 84-86

        The Clerk's Office hereby certifies the record and docket sheet
available through ECF to be the certified record and the certified
copy of the docket entries.


                            IN TESTIMONY WHEREOF, I hereunto
                            set my hand and affix the seal
                            of said Court, at Concord, in
                            said District, on this day,
                            April 2, 2024


                            DANIEL J. LYNCH, Clerk


                            By: /s/ Jadean Barthelmes, Deputy Clerk
                            Apr 02, 2024

FILED - USDC -NH
2024 MAR 29 PM 12:28

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW HAMPSHIRE

**Karen Testerman,** *pro se*

**Lynn-Diane Briggs,** *pro se*

**Wayne Paul Saya, Sr.,** *pro se*

*Plaintiffs*

*Vs*

### DAVID SCANLAN
### SECRETARY OF STATE FOR NEW HAMPSHIRE, et al,

*Defendants*

*Docket No. 1:23-cv-00499-JL-AJ*

**PLAINTIFFS WAYNE PAUL SAYA, SR. AND LYNN-DIANE BRIGGS JOINT NOTICE OF APPEAL UNDER <u>FEDERAL RULES OF APPELLATE PROCEDURE 3(b)(1)</u>, AND FOR EXPEDITED RELIEF FROM JUDGEMENT.**

Notice is given where Plaintiffs Wayne Paul Saya, Sr. and Lynn-Diane Briggs "Plaintiffs" hereby Appeal to the United States Court of Appeals for the First Circuit from the District Court, (*U.S. Dist. Judge, Joseph N. Laplante*) "Order On Motion To Dismiss" (*Pacer <u>doc. 67</u>*) Plaintiffs Complaint (*Pacer <u>doc. 1</u>*) for lack of 'Standing', and as a result failing to state a claim upon which relief can be granted, entered in the above numbered action on January 9, 2024.

On March 1, 2024, the honorable *Laplante, J.,* DENIED the above-plaintiffs motion to 'Alter or Amend Judgement' pursuant to <u>Fed. R.Civ.P. 59(e)</u>, *(Pacer <u>doc. no. 79)</u>*.

Whereas, 'voluntary dismissal' was filed by the above-named plaintiffs on March 13, 2024, (*Pacer doc. No. 80*), against defendant Chris Ager and the New Hampshire Republican State Committee "NHRSC", prior to this 'Notice'.

Whereas, pursuant to the upcoming New Hampshire Federal Elections and those thereafter along with time-constraints of this action, plaintiffs will be seeking accelerated consideration from Judgement within this appeal.

Wherefore, plaintiffs intend to file their brief in support of their appeal within 30-days of this notice.

**SWORN TO UNDER PAINS AND PENALTIES OF PERJURY THIS 28TH DAY OF MARCH, 2024.**

Respectfully submitted,

Wayne Paul Saya, Sr. Plaintiff, *pro se*
24 Cadogan Road
Nashua, New Hampshire 03062
Waynesaya2@gmail.com
571-220-3344 mobil

Lynn-Diane Briggs, Plaintiff, *pro se*
4 Golden Pond Lane
Amherst, New Hampshire 03031
Lynbdance@gmail.com
603-801-6886

## CERTIFICATE OF SERVICE

I, Wayne Paul Saya, Sr., Plaintiff, *pro se*, have caused to deliver the named, . PLAINTIFFS WAYNE PAUL SAYA, SR. AND LYNN-DIANE BRIGGS JOINT NOTICE OF APPEAL UNDER FEDERAL RULES OF APPELLATE PROCEDURE 3(b)(1), AND FOR EXPEDITED RELIEF FROM JUDGEMENT, and the foregoing documents have been served upon the following Defendants and Plaintiffs, electronically and/or certified mail with U.S. postage pre-paid:

David Scanlan, Defendant
Secretary of State of New Hampshire
C/O: Brendan Avery O'Donnell
NH Department of Justice (Concord)
One Granite Place South
Concord, NH 03301
603-271-3650
Fax: 603-271-2110
Email: brendan.a.odonnell@doj.nh.gov

Chris Ager, Defendant
Chairman
NH Republican State Committee
10 Water Street, Concord, NH 03301
By Counsel: Attorney Bryan Gould
Cleveland, Waters and Bass, P.A.
2 Capital Plaza, Concord, NH 03302-1137
(603) 224-7761
gouldb@cwbpa.com

Karen Testerman, Plaintiff, *pro se*
9 Stone Avenue
Franklin, New Hampshire 03235
Karen@KarenTesterman.com

## SWORN TO UNDER PAINS AND PENALTIES OF PERJURY THIS 28TH DAY OF MARCH, 2024.

Wayne Paul Saya, Sr. Plaintiff, *pro se*
24 Cadogan Road
Nashua, New Hampshire 03062
Waynesaya2@gmail.com
571-220-3344 mobile

Lynn-Diane Briggs, Plaintiff, *pro se*
4 Golden Pond Lane
Amherst, New Hampshire 03031
Lynbdance@gmail.com
603-801-6886

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW HAMPSHIRE**

Karen Testerman, et al.

       v.                           Civ. No. 23-cv-499-JL-AJ

NH Secretary of State, et al.


**<u>ORDER ON MOTION TO DISMISS</u>**


The Constitution limits federal courts to deciding "cases or controversies." <u>See</u> U.S. Const. art. III § 2;  "One essential aspect of this requirement is that any person invoking the power of a federal court must demonstrate standing to do so."  <u>Hollingsworth v. Perry</u>, 570 U.S. 693, 704 (2013).

The threshold jurisdictional question before the court is whether three New Hampshire Republican voters have standing to contest state presidential primary election rules allowing voters to change their party affiliations before the primary election.  Plaintiffs Wayne Saya, Jr., Lynn-Diane Briggs, and Karen Testerman, the latter of whom is the chair of the Merrimack County Republican Party, have sued New Hampshire Secretary of State David Scanlan, the New Hampshire Republican State Committee ("NHRSC") and its chair, Chris Ager.  They allege that the defendants acted in concert to violate state law and impermissibly allow such party affiliation changes between June 7 and October 6, 2023.  They seek an injunction reversing the party changes or postponing New Hampshire's presidential primary election, presently scheduled to take place January 23, 2024.  The defendants have filed motions to dismiss (Doc. Nos. 27, 28, 49, 52), in which they argue, among other things, that the plaintiffs lack standing to bring this suit.  The plaintiffs have objected to the motions. (Doc. No. 47).

After reviewing the parties' filings and conducting an evidentiary hearing, the court finds that the plaintiffs lack standing and that this court therefore lacks subject matter jurisdiction and the case must be dismissed.[1]  The plaintiffs have failed to establish that the rules allowing party affiliation changes, or their application and enforcement as alleged here, have caused them to suffer an actual or imminent concrete and particularized injury that is not conjectural or hypothetical.

## I. **Background**

On September 13, 2023, Secretary of State Scanlan established the candidate filing period for the New Hampshire Presidential Primary as October 11 to October 27, 2023. See N.H. Rev. Stat. Ann. ("RSA") § 655:47, II (providing that presidential primary declarations of candidacy shall be filed "during such . . . time period as the secretary of state shall announce"); see also Compl. (Doc. No. 1), Exh. A (Doc. No. 1-1 at 4) (Sept. 13, 2023, letter from Scanlan to local election officials regarding filing period and deadlines for registered voters to change party affiliations) ("Scanlan letter")).[2]  Pursuant to RSA 654:32, local supervisors of voter checklists are required to meet "on the Friday preceding the first day of the filing period" of presidential

---

[1]  The defendants' motions were docketed on or before December 8, 2023.  The motions sought dismissal based on failure to state a claim for relief, pursuant to Fed. R. Civ. P. 12(b)(6) and lack of standing, pursuant to Fed. R. Civ. P. 12(b)(1).  The plaintiffs sought leave to file an amended complaint on December 13, 2023, which was subsequently granted.  Pursuant to LR 15.1, the motions to dismiss are automatically denied without prejudice upon the filing of the amended complaint to the extent they seek dismissal for failure to state a claim.  The plaintiffs' objection (Doc. No. 47) does not address the issue of standing.  The standing argument remains live, however, as "[w]ithout jurisdiction[,] the court cannot proceed at all in any cause," Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94, (1998).

[2]  The Sept. 13, 2023, letter was attached to plaintiffs' original complaint, but not their amended complaint. In deference to their pro se status and the fact that the contents  of the exhibit are not in dispute, the court refers to the letter here in order to provide a background narrative.

primary candidates for the "change of registrations of legal voters as provided in RSA 654:34 or 654:34-a or both."  The statute prescribes different meeting dates for state primary elections.

According to the Secretary of State, the last day for registered voters to change their party registration for the 2024 presidential primary was, therefore, October 6, 2023, the Friday prior to the opening of the primary candidate filing period.  Scanlan letter (Doc. No. 1-1 at 4).  On November 15, 2023, Secretary Scanlan announced that the New Hampshire presidential primary would take place on January 23, 2024.  See RSA 653:9 (setting primary date for March of presidential election year or "on a date selected by the secretary of state which is 7 days or more" before any other state's "similar election," . . . .");  Am. Compl. (Doc. No. 32-1) ¶ 20.

The plaintiffs allege that approximately 4000 registered Democrats in New Hampshire recently changed their party affiliations to "undeclared" or Republican.[3]  Id. ¶ 25.

## **Legal Standard**

"Federal courts, as courts of limited jurisdiction, may not presume the existence of subject matter jurisdiction, but rather, must appraise their own authority to hear and determine particular cases."  Watchtower Bible & Tract Soc. of N.Y., Inc. v. Colombani, 712 F.3d 6, 10 (1st Cir. 2013); accord United States v. Rivera-Rodríguez, 75 F.4th 1, 13 (1st Cir. 2023).  The party who asserts jurisdiction bears the burden of establishing that it exists by a preponderance of the evidence.  Woo v. Spackman, 988 F.3d 47, 53 (1st Cir. 2021);  U.S. ex rel. Ondis v. City of Woonsocket, 587 F.3d 49, 54 (1st Cir. 2009).

As noted at the outset, the defendants argue that the court lacks subject matter jurisdiction because the plaintiffs lack standing.  "Under Article III of the Constitution, a plaintiff needs a

---

[3]  Undeclared voters can vote in a party's primary at the polling place on the day of the primary.  RSA 654:34, II(b).

'personal stake' in the case." Biden v. Nebraska, 143 S. Ct. 2355, 2365(2023) (quoting

TransUnion LLC v. Ramirez, 141 S. Ct. 2190, 2203 (2021)). More specifically, "the plaintiff

must have suffered an injury in fact—a concrete and imminent harm to a legally protected

interest, like property or money—that is fairly traceable to the challenged conduct and that is

likely to be redressed by the lawsuit." Id. (citing Lujan v. Defenders of Wildlife, 504 U.S. 555,

560-61 (1992)).  In addition to these constitutional considerations, prudential

limitations  "prevent courts from "adjudicating 'questions of broad social import where no

individual rights would be vindicated and ... limit access to the federal courts to those litigants

best suited to assert a particular claim.' " Conservation Law Found. of New England, Inc., 950

F.2d 38, 41 (1st Cir. 1991) (alterations in original) (quoting Phillips Petroleum Co. v. Shutts, 472

U.S. 797, 804 (1985)).

Although "[a]n inquiry into standing must be based on the facts as they existed when the

action was commenced," Ramírez v. Sánchez Ramos, 438 F.3d 92, 97 (1st Cir. 2006), "a person

exposed to a risk of future harm may pursue forward-looking, injunctive relief to prevent the

harm from occurring, at least so long as the risk of harm is sufficiently imminent and

substantial." Webb v. Injured Workers Pharm., LLC, 72 F.4th 365, 372 (1st Cir. 2023) (quoting

TransUnion, 141 S. Ct. at 2210). The injury, however, must be "concrete and particularized" and

"not conjectural or hypothetical." Lujan, 504 U.S. at 560. The plaintiff bears the burden of

establishing standing. TransUnion, 141 S. Ct. at 2207. To carry that burden, the plaintiff must

satisfy the standing test against each defendant "with the manner and degree of evidence required

at the successive stages of the litigation." Webb, 72 F.4th at 371-72 (quoting TransUnion, 141 S.

Ct. at 2208).

When the court's jurisdiction is challenged by a motion to dismiss under Fed. R. Civ. P. 12(b)(1), the Court must credit the pleaded factual allegations as true and draw all reasonable inferences from them in the nonmoving party's favor. <u>Valentin v. Hosp. Bella Vista</u>, 254 F.3d 358, 363 (1st Cir. 2001).  Here, where the court has held an evidentiary hearing on the jurisdictional issues including standing,[4] the plaintiffs bear the burden to establish by a preponderance of the evidence that they have standing to litigate this claim. <u>ForUsAll, Inc. v. U.S. Dep't of Labor</u>, No. 22-cv-1551 (CRC), 2023 WL 5559682, at *3 (D.D.C. Aug. 29, 2023) (the plaintiff bears the burden of showing standing by a preponderance of the evidence (citing <u>Lujan</u>, 504 U.S. at 561)).  By way of example, this court recently dismissed a Republican primary candidate's lawsuit attempting to disqualify former President Trump from participating in the primary, finding and ruling that the candidate lacked standing. <u>See</u> <u>Castro v. New Hampshire Sec'y of State</u>, No. 23-CV-416-JL, 2023 WL 7110390 (D.N.H. Oct. 27, 2023), aff'd sub nom. <u>Castro v. Scanlan</u>, 86 F.4th 947 (1st Cir. 2023).

## **<u>Analysis</u>**

The plaintiffs claim that by allowing voters to change their party affiliations until October 6, 2023, Secretary Scanlan violated RSA 654:34, IV, which provides that "[n]o person, who is already registered to vote, whether his party membership has been previously registered or not, shall affiliate with a party or disaffiliate from a party between the first Wednesday in June and the day before the state primary election." The first Wednesday in June 2023 was June 6.[5]  The

---

[4]  The court held a conference with the parties and counsel on January 2, 2024, at which the plaintiffs requested an evidentiary hearing on the issues of jurisdiction and standing.  The court granted that request.

[5]  According to the Secretary of State, there was no state primary election in New Hampshire in 2023.  The next state primary election is September 10, 2024. The defendants

thrust of plaintiffs' suit is that thousands of Democrats illegally changed their party affiliations between June 6 and October 6, 2023 for the sole purpose of "interfering" in the 2023 Republican presidential primary.  The plaintiffs allege that Democrats will vote in the Republican primary not because they prefer a Republican candidate, but because they desire either: a) to defeat the plaintiffs' preferred candidate in the primary; or b) boost former President Trump's candidacy because Democrats think he's a weaker candidate in the general election.  See Am. Compl. (Doc. No. 32) ¶ 13; Compl. (Doc. No. 1) Exh. C (Doc. 1-1 at 6).

Plaintiffs assert four causes of action: violation of the U.S. Const. Art. II, § 1, Cl. 2 (the "Presidential Electors" Clause") (Count I); violation of U.S. Const. Art. 1, § 4, Cl. 1 (the "Elections Clause") (Count II); equal protection (Count III); and substantive and procedural due process (Count IV).  The linchpins of each count are that Secretary Scanlan illegally enlarged the party affiliation change window, and that, as a result, the plaintiffs' votes -- and those of other non-parties -- have been diluted.  As the standing issue requires the same analysis regardless of the particular legal claim asserted, the court will not address each count individually, but will instead undertake a single analysis of the standing issue.

A.  Injury in fact

The plaintiffs consistently describe their injury as "vote dilution," see, e.g., Am. Compl. (Doc. No. 32-1) ¶ 30 (" . . . their legal votes have been diluted with votes that are the product of an unlawful and unconstitutional procedural process."); id. ¶ 34 (" . . . diluting the Plaintiffs['] valid ballot with an invalid ballot . . ."); id. ¶ 64 (" . . . their votes are being systematically diluted with invalid votes, . . ."), and confirmed this characterization at the hearing.  Standing

---

argue that the plaintiffs are misreading RSA 654:34, IV, and that this provision is only relevant to state primary elections.  As this Order addresses only the plaintiffs' standing to sue, the court offers no opinion on the parties' respective statutory  interpretations.

for such a claim requires "facts showing disadvantage to [plaintiffs] as individuals." Lyman v.

Baker, 954 F.3d 351, 361 (1st Cir. 2020) (quoting Gill v. Whitford, 138 S. Ct. 1916, 1929

(2018)) (emphasis added).  "No single voter is specifically disadvantaged if a vote is counted

improperly, even if the error might have a mathematical impact on the final tally and thus on

the proportional effect of every vote." Wood v. Raffensperger, 981 F.3d 1307, 1314-15 (11th

Cir. 2020).

     Thus, it is not enough for the plaintiffs to allege that their votes were "diluted" as a

result of other voters casting allegedly invalid votes.  Instead, standing based on a claim of vote

dilution "requires a point of comparison. For example, in the racial gerrymandering and

malapportionment contexts, vote dilution occurs when voters are harmed compared to

irrationally favored voters from other districts." Id. In other words, standing to sue requires the

plaintiffs to show that they are disadvantaged in a different way than every other voter. Id.  The

plaintiffs here have made no such allegations. If the plaintiffs are correct that the change period

was illegal, then all New Hampshire primary voters will have their votes similarly diluted.

     The First Circuit Court of Appeals' decision in Lyman is instructive.  The issue before

the court was whether the plaintiffs had standing to challenge Massachusetts' "winner-take-all"

system, which allocated all of its Electoral College votes to the winner of the general election for

President. 954 F.3d at 360-61.  The plaintiffs – two Republican and one independent voter, all of

whom "consistently voted for non-Democratic presidential candidates," id. at 356 -- claimed this

allocation of presidential electors solely to the victorious Democratic candidate injured the

plaintiffs in the form of diluting the strength of their votes. Id. at 361. Applying a "plausibility"

standard pursuant to Fed. R. Civ. P. 12(b)(1), the court found that the plaintiffs sufficiently

alleged a concrete and particularized injury where the plaintiffs alleged their votes would be

given <u>no</u> weight. <u>Id.</u> at 362 (emphasis added) (concluding that "Appellants reside and vote in Massachusetts and their presidential candidates of choice . . . have not received a single electoral vote from Massachusetts because of the manner in which the WTA system allegedly dilutes the strength of their votes for non-Democratic candidates . . . .").

Not only have the plaintiffs failed to allege the type of nullification that supported the plaintiffs' standing in <u>Lyman</u>, courts that have considered voters' standing in circumstances similar to those here have uniformly rejected individual standing claims based on allegations of dilution resulting from allegedly illegal votes being cast. The court in <u>Feehan v. Wisconsin Elections Commission</u>, 506 F. Supp. 3d 596, 608 (E.D. Wis. 2020), rejected a single voter's claim of standing, finding that "[t]he plaintiff's alleged injuries are injuries that any Wisconsin voter suffers if the Wisconsin election process were, as the plaintiff alleges, 'so riddled with fraud, illegality, and statistical impossibility that this Court, and Wisconsin's voters, courts, and legislators, cannot rely on, or certify, any numbers resulting from this election.' . . . " <u>Id.</u> at 609. As a result, the court concluded that "[t]he plaintiff has not alleged that, as a voter, he has suffered a particularized, concrete injury sufficient to confer standing." <u>Id.</u> The <u>Feehan</u> court relied on <u>Moore v. Circosta</u>, 494 F.Supp.3d 289 (M.D.N.C. 2020), which provided the following inventory of other cases:

> Indeed, lower courts which have addressed standing in vote dilution cases arising out of the possibility of unlawful or invalid ballots being counted, as Plaintiffs have argued here, have said that this harm is unduly speculative and impermissibly generalized because all voters in a state are affected, rather than a small group of voters. <u>See</u>, <u>e.g.</u>, <u>Donald Trump for President, Inc. v. Cegavske</u>, Case No. 2:20-CV-1445 JCM (VCF), 488 F. Supp. 3d 993, 999–1000, (D. Nev. Sept. 18, 2020) ("As with other generally available grievances about the government, plaintiffs seek relief on behalf of their member voters that no more tangibly benefits them than it does the public at large.") (internal quotations and modifications omitted); <u>Martel v. Condos</u>, Case No. 5:20-cv-131, 487 F. Supp. 3d 247, 252–53, (D. Vt. Sept. 16, 2020) ("If every voter suffers the same incremental

dilution of the franchise caused by some third-party's fraudulent vote, then these voters have experienced a generalized injury."); Paher v. Cegavske, 457 F. Supp. 3d 919, 926-27 (D. Nev. 2020) ("Plaintiffs' purported injury of having their votes diluted due to ostensible election fraud may be conceivably raised by any Nevada voter."); Am. Civil Rights Union v. Martinez-Rivera, 166 F. Supp. 3d 779, 789 (W.D. Tex. 2015) ("[T]he risk of vote dilution [is] speculative and, as such, [is] more akin to a generalized grievance about the government than an injury in fact.")

Although "[i]t would over-simplify the standing analysis to conclude that no state-wide election law is subject to challenge simply because affects all voters," Martel, 487 F. Supp. at 252, the notion that a single person's vote will be less valuable as a result of unlawful or invalid ballots being cast is not a concrete and particularized injury necessary for Article III standing. Compared to a claim of gerrymandering, in which the injury is specific to a group of voters based on their racial identity or the district in which they live, all voters in North Carolina, not just Individual Plaintiffs, would suffer the injury Individual Plaintiffs allege. This court finds this injury too generalized to give rise to a claim of vote dilution . . . .

Feehan, 506 F. Supp. 3d at 608 (E.D. Wis. 2020) (quoting Moore, 494 F. Supp. 3d at 312-313); see also Bost v. Ill. State Bd. Of Elections, No. 22-cv-02754, 2023 WL 4817073 (N.D. Ill. July 26, 2023, at *4-5 (rejecting plaintiffs' standing to pursue vote dilution claim as "general interest that every citizen shares in "proper application of . . . the law."), appeal filed, No. 23-2644 (7th Cir. Aug. 21, 2023); Graeff v. U.S. Election Assistance Comm'n, No. 22-cv-682 RLW, 2023 WL 2424267, at *5-6 (E.D. Mo. Mar. 9, 2023) (finding lack of standing where plaintiff alleged violation of laws regarding testing of voting equipment).

So it is here. Given the overwhelming weight of election-related caselaw, the plaintiffs' allegations of injury -- "dilution" as a result of other voters changing party affiliations after June 6, 2023 -- are insufficient to confer standing.

Not only have the plaintiffs failed to sufficiently allege cognizable injury, but their claim of injury is also based on speculating how the "new" voters will vote; or whether those that changed from the Democratic party to "undeclared" will vote in the Republican primary. The

plaintiffs have implicitly foreclosed the possibility that the "new" voters may actually support Republican candidates; or that previously Democratic voters switched to "undeclared" to give themselves more options in the presidential primary.  During the hearing, each of the plaintiffs conceded that they had no knowledge of why any voter changed their registration and could not foretell how any voter who changed affiliations during the "illegal" period would vote in the primary.  The court may not entertain such conjecture in assessing standing.  Daimler Chrysler Corp. v. Cuno, 547 U.S. 332, 350 (2006).

B. Prudential concerns

In addition to their failure to allege an injury in fact,  the prudential limits on standing also weigh against plaintiffs' claim of standing to sue.  Simply put, and consistent with the court's analysis of their claim of injury, the relief the plaintiffs seek will not vindicate any individualized right or interest. See Conservation Law Foundation of New England, Inc., 950 F.2d at 41. The plaintiffs have requested that the Secretary be ordered to either reverse all the party affiliation changes which occurred after June 6, 2023, or move the presidential primary to coincide with the state primary.  Pltff. Mot. (Doc. No. 40) at 8.  This relief is not targeted at protecting the plaintiffs' individual rights.  Rather, the foundational accusation against the defendants is that they have violated state law.

The two potential forms of relief the plaintiffs have requested could only remedy the generalized interest in requiring the Secretary of State comply with plaintiffs' interpretation of the law.  See Kersey v. Trump, No. CV 23-12019-IT, 2023 WL 7195691, at *1 (D. Mass. Nov. 1, 2023) ("Injuries that are too 'widely shared' or are 'comparable to the common concern for obedience to law' may fall into the category of generalized grievances about the conduct of government." (quoting Lyman, 954 F.3d at 361)); see also In re Puerto Rico Pub. Fin. Corp., No.

22-CV-1517 (LTS), 2023 WL 5199471, at *5 (D.P.R. Aug. 14, 2023) ("[i]t is apodictic that a mere interest in seeing the government turn square corners is not the kind of particularized interest that can satisfy the most basic constitutional prerequisite for standing.") (quoting Osediacz v. City of Cranston, 414 F.3d 136, 142 (1st Cir. 2005)).  As plaintiff Briggs explained at the hearing, her goal in this lawsuit is to "push back on what is illegal."  And, in response to the court's question, plaintiff Saya agreed that "any New Hampshire voter has the same injury."  In addition, in their pre-hearing legal memorandum, the plaintiffs state explicitly that "the unlawfulness has caused direct harm to not only the Plaintiffs, but to the entire Electorate through an unlawful procedure . . ."  Pltff. Mem. (Doc. No. 63) ¶ 29.  Such observations constitute "generalized grievances," over which the court lacks jurisdiction.[6]

In addition to the generalized nature of the grievance weighing against standing, the court further notes that the plaintiffs specifically allege that the defendants' actions have caused "harm to Republican candidates running for President . . ." Am. Comp. (Doc. No. 32-1) ¶ 17.  As previously explained, however, prudential concerns include "limit[ing] access to the federal courts to those litigants best suited to assert a particular claim." Conservation Law Found. of New England, Inc., 950 F.2d at 41.

### Conclusion

The court credits the testimony of the three plaintiffs in this case as credible and straightforward; their claims and arguments were advanced in good faith. The evidence and applicable law, however, do not confer standing under these facts and circumstances.  The

---

[6]  Plaintiff Testerman also likened the plaintiffs' injury to injuries suffered by paying customers at a grocery store in the aftermath of shoplifting, comparing non-Republicans voting in the Republican primary to those who purchase groceries without paying.  The example is instructive, but not for the reasons plaintiff suggests.  Under her scenario, the grocery store would likely be the only entity with standing to sue the shoplifter.

defendants' motions to dismiss (Doc Nos. 27 and 28) are therefore GRANTED.  The clerk shall

enter judgment accordingly and close the case.

**SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

January 9, 2024

cc:     Karen Testerman, pro se
        Lynn-Diane Briggs, pro se
        Wayne Paul Saya, Sr., pro se
        Brendan Avery O'Donnell, Esq.
        Bryan K. Gould, Esq.
        Jacob Rhodes, Esq.

UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE


Karen Testerman, et al.

     v.

                             Case No. 23-cv-499-JL-AJ

NH Secretary of State, et al.


<u>JUDGMENT</u>


     Judgment is hereby entered in accordance with the Order of Judge Joseph N. Laplante dated January 9, 2024.


                                By the Court:

                                Daniel J. Lynch
                                Clerk of Court

Date: January 9, 2024

cc:  Karen Testerman, pro se
     Lynn-Diane Briggs, pro se
     Wayne Paul Saya, Sr., pro se
     Brendan Avery O'Donnell, Esq.
     Bryan K. Gould, Esq.
     Jacob Rhodes, Esq.